IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TRESSIE JOHNSON and JAMES JOHNSON                     PLAINTIFFS

V.                                                  CASE NO. 3:04CV94

THE GROVE OF CAYCE, LLC                                DEFENDANT

**MEMORANDUM OPINION**

This cause comes before the Court on the defendant's motion for summary judgment [37-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiffs are Tressie and James Johnson, residents of DeSoto County, Mississippi. The defendant is The Grove of Cayce, LLC, a Delaware corporation which operates a trailer park in Byhalia, Mississippi. The housing community is also called The Grove of Cayce, and hereafter, the corporate entity will be referred to as "the corporation" and the housing community as "The Grove." Beginning in April of 2002, Tressie and James were residents of The Grove. On June 21, 2003, Tressie fell and injured herself, allegedly while being chased by one or more unchained dogs owned by another resident of The Grove named Donald Flanagan. On May 5, 2004, the Greens filed suit against the corporation, alleging that it was negligent in failing to prevent dogs from running loose at The Grove and that this negligence was the proximate cause of Tressie's injuries. The defendant timely removed the case to federal court, alleging diversity jurisdiction, and the plaintiffs have not challenged removal. The defendant now seeks summary judgment.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P.

56(c); Celotex Corp. v. Catrett, 477 U.S. 317 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 120 S.Ct. at 2110.

In the instant motion, the defendant argues that summary judgment is appropriate because under Mississippi law, for a landlord to be liable for a dog attack on the leased premises, there must be (1) "some proof that the animal has exhibited some dangerous propensity or disposition prior to the attack complained of" and (2) "it must be shown that the owner (in this case the landlord) knew or reasonably should have known of this propensity or disposition and reasonably should have foreseen that the animal was likely to attack someone." Mongeon v. A & V Enterprises, Inc., 733 So.2d 170, 171 (Miss. 1997)(quoting Poy v. Grayson, 273 So.2d 491, 494 (Miss. 1973)). The Mongeon Court went on to hold that the mere act of a dog growling at a person constituted an exhibition of a dangerous or vicious propensity such that, if the landlord becomes aware of it, he may be held liable for subsequent injuries caused by the dog. Mongeon, 733 So.2d at 172.

Here, the Johnsons have testified via deposition that they informed the landlord at The Grove by letter of the fact that Donald Flanagan's dogs had previously barked at and chased Tressie and others. However, the Johnsons have provided no evidence of the letter's existence other than their own deposition testimony. They also concede that at the time the letter was delivered, the landlord's

2

office was closed and they so they simply dropped the letter in through a deposit slip. For its part, the defendant has submitted affidavits signed by Brien Dunn, the manager on duty at The Grove at the time of the alleged incident, and by Jennifer Mauney, the secretary on duty at The Grove during that period. Both depositions flatly deny receiving any communications from the Johnsons regarding any dangerous or vicious dogs on the premises at The Grove.

The Court finds that there are disputed issues of fact in this case which preclude summary judgment, including but not limited to: (1) whether the management of The Grove was on notice of any violent propensity on the part of the dog and (2) if so, whether the management learned of this violent propensity in a reasonably sufficient time so as to take steps to prevent the dog from attacking anyone. Accordingly, the motion for summary judgment is DENIED. A separate order to that effect shall issue this day.

This is the 21st day of December, 2005.

                                                      **/s/ Michael P. Mills**
                                                 **UNITED STATES DISTRICT JUDGE**